44 U.S. 81
 3 How. 81
 11 L.Ed. 503
 EMILY POULTNEY ET AL., APPELLANTS,
v.
THE CITY OF LAFAYETTE, ISAAC T. PRESTON ET AL.,
DEFENDANTS.
 January Term, 1845
 
 1
 THIS was an appeal from the Circuit Court of the United States for East Louisiana, sitting as a court of equity.
 
 
 2
 The heirs of Poultney filed a bill in chancery against the City of Lafayette and upwards of two hundred individuals.
 
 
 3
 It alleged that Poultney had purchased from the Widow Rousseau a tract of land about a mile and a half above the city of New Orleans in May, 1818; and that to secure the payment of part of the purchase money, he had mortgaged the same land to her for $80,000, payable in five annual instalments of $16,000 each; that Poultney died in October, 1819, leaving minor children, and that the defendants were in possession of the property, which the complainants claimed a right to redeem.
 
 
 4
 The proceedings which took place in court after this are exceedingly complicated. Some of the defendants answered, using this expression, 'the said answer to serve and be instead of a demurrer and pleas to the said bill of complaint.' Objections were made to the jurisdiction of the court on account of the residence of the complainants, and a rule granted to try the fact of residence, which rule was afterwards set aside.
 
 
 5
 The bill was taken pro confesso as to many of the defendants, who were afterwards allowed to answer; numerous persons were vouched in warranty by the defendants, and afterwards the proceedings stricken out; demurrers were filed and overruled; the case was put upon the rule docket and then brought back again; three more defendants were brought in.
 
 
 6
 The answers, amongst other matters, averred that Poultney, at the time of his death, was insolvent, and that the property in question had been subjected to the operation of the laws in Louisiana and sold to its present possessors.
 
 
 7
 In 1842, the following proceedings took place.
 
 
 8
 On this first Monday of January, 1842, appeared Isaac T. Preston and C. M. Conrad, Esquires, for defendants, and filed in evidence with the clerk and master the following exhibits marked A, B, C, D, E, F, G, I, M, N, O, P; and, on further motion of said counsel, this cause is set for trial for hearing on the merits, for Friday, the 14th January, 1842.
 
 
 9
 And afterwards, to wit, on the 9th day of February, one thousand eight hundred and forty-two, the following entry was made of record, to wit: 'Wednesday, February 9, 1842.
 
 
 10
 'The court met, pursuant to adjournment. Present, the Honorable Theodore H. McCaleb, district judge; the Honorable John McKinley, presiding judge, absent.
 
 Heirs of Poultney
 
 11
 
 v.
 
 
 
 12
 The city of Lafayette et als.
 
 
 13
 No. 37.
 
 
 14
 'On motion of Isaac T. Preston, Esq., this cause was called on the docket and fixed for trial for Wednesday, the 23d February, 1842.'
 
 
 15
 And afterwards, to wit, on the 23d of February, 1842, the following order of court was entered of record, to wit:
 
 
 16
 'Wednesday, February 23, 1842.
 
 
 17
 'The court met, pursuant to adjournment. Present, the Honorable Theodore H. McCaleb, district judge; the Honorable John McKinley, presiding judge, absent.
 
 Heirs of Poultney
 
 18
 
 v.
 
 
 
 19
 The city of Lafayette et. al.
 
 
 20
 No. 37.
 
 
 21
 'On the 23d day of February, 1842, this case was called for trial; whereupon the complainants, by their counsel, objected, upon the ground that the cause was improperly put on the issue docket, and set down for trial; that no replication had been filed, and that, since the last term of the court, some of the defendants had died, and their heirs or representatives had not been made parties to the suit; and moved the court to remand this cause to the rule docket, that an issue might be formed. On the other hand, the defendants insisted that the case should proceed immediaately to trial, or be dismissed under the rules of practice presented by the Supreme Court in equity cases. These motions were all fully argued together, and, after argument thereof, the court took time to consider.'
 
 
 22
 And afterwards, to wit, on the 24th day of February, one thousand eight hundred and forty-two, the following entry and decree were entered of record, to wit:
 
 
 23
 'Thursday, February 24, 1842.
 
 
 24
 'The court met, pursuant to adjournment. Present, Honorable Theodore H. McCaleb, district judge; Honorable John McKinley, presiding judge, absent.
 
 Heirs of Poultney
 
 25
 
 v.
 
 
 
 26
 The city of Lafayette et als.
 
 
 27
 No. 37.
 
 
 28
 'On this day the court proceeded to deliver its opinion on the motions argued and submitted yesterday in this cause. When the court had announced it was about to deliver its opinion, the counsel for the complainants moved to be allowed to file the documents A and B, but the court refused to receive them, stating that it was about to deliver an opinion on the cause; upon [which] the counsel for the complainants handed them to the clerk, the court considering that the complainants' application to file a bill of revivor or exceptions came too late.
 
 Decree of the Court.
 
 29
 'The defendants having moved to dismiss the bill of complaint in this cause, under the 21st of the rules in equity cases, and it appearing to the court that the complainants had not set for trial the pleas filed in this case, nor filed replication to the answers, although more than two terms of the court had elapsed since the filing of the same, it is ordered and adjudged, and decreed, that the bill of complaint in this case be dismissed as to all the defendants, and the complainants pay the costs of suit.'
 
 
 30
 From which decree, the complainants appealed to this court.
 
 
 31
 The case was argued by Mr. Chinn (in writing) for the appellants, and Mr. Coxe, for the appellees.
 
 
 32
 The following is an extract from Mr. Chinn's argument:
 
 
 33
 The bill in this cause was dismissed under the 21st rule of this court, prescribed for the inferior courts in chancery causes, because 'the plaintiffs had not set for trial the pleas filed, nor filed replications to the answers, although two terms of the court had elapsed since filing the same.' To all this it is confidently responded, that there were no pleas filed in the cause. Some of the defendants, availing themselves of the 23d rule of practice, instead of filing a formal demurrer or plea, did insist on some special matter in the answers, which they left with the clerk of the court, and claimed to have the benefit thereof, as though they had pleaded the same matter. They commence 'The several answer of,' &c.—'The said answer also to serve and be instead of a demurrer and pleas to the said bill of complaint.'—Was there then a plea in the cause? Surely not. There was something else; there was an answer to serve and be instead of a plea, and of which the party claimed the advantage, as under the answer and not under a plea: and so it was regarded by the court when an application was made to it to try the question of citizenship:—and although the party could avail himself of all the matter, by way of answer, the plaintiff could not otherwise regard it than as an answer, and could do no otherwise towards forming an issue, without leave of court, than file a general replication to it, as an answer.
 
 
 34
 It is said in the order dismissing the bill, that more than two terms had elapsed since filing the pleas. Now if the most rigid and technical interpretation of the rules are to be had, and they shall be conformed to to the letter, it becomes important to ascertain when the pleas of the defendant were filed. The answers of some of the defendants appear to have been lodged with the clerk of the court in his office, on the ___ day of _____; there was no notice taken of them upon the rule docket or in the minutes of the court, and consequently they were not parts of the record; the defendants were not bound by them, and the complainants were not notified of their being on file. On the 24th, 30th, and 31st of December, 1839, and on the 19th February, 1840, notes are made upon the rule docket of the filing of answers upon those days, but nothing is said about the filing of pleas. Neither of those days were or could have been rule days; consequently the act was nugatory. On the 24th of December, 1839, a motion was sustained to set aside the decree nisi, and leave was given the defendants to file answers, which does not appear from the minutes then to have been done; and the complainants were, by order of the court, protected in their right thereafter to file any exception to the answers that might be filed. Let it be borne in mind, that the decree nisi was set aside without putting the parties defendant upon any terms whatever; they were not even compelled to pay costs.
 
 
 35
 In the answers various record and documents are properly referred to as exhibits, and constitute parts of the answers—the most material and only important parts, and without the filing of which the plaintiff could not safely proceed in making up an issue in the cause. At the January rules, 1842, these exhibits were for the first time filed and noted upon the rule docket—they never having been before even lodged with the clerk. Up to that time the filing of answers was not complete; then for the first time the cause stood upon bill and answer—and at the same time the cause was set for hearing by the defendants, on the merits, for Friday, the 14th January, 1842; at the same time they suggested the death of Layton, and the names of his heirs, and took an order at the rules that they be parties. There was then clearly a misconception by the court, that more than two terms had elapsed since the filing of the pleas and before the order dismissing the bill.
 
 
 36
 It doth clearly appear from the 17th rule, that issues are to be formed, and causes are to be prepared for trial, at the rules and upon the rule days, and that neither party is bound to notice the proceedings of his adversary except they be then entered in the rule book, or they be had in open court.
 
 
 37
 The court below predicated its order dismissing the bill somewhat upon the failure of the plaintiffs to file replications to the answers, and suffering two terms to expire.
 
 
 38
 Pending a motion made by the complainants to set aside the rule for hearing of the cause upon its merits, and to remand the cause to the rule docket, that an issue might be had, and during the argument of that motion, the defendants moved to dismiss the bill under the 21st rule, without any previous rule therefor, without any previous notice thereof, and in direct conflict with their rule for a trial of the cause upon its merits, which they had taken. The court, in pronouncing the order, says: 'The defendants having moved to dismiss under the 21st rule, and it appearing to the court that the complainants had not set for trial the pleas filed, nor filed replications to the answers, although two terms of the court had elapsed since the filing the same, it is ordered and adjudged, and decreed, that the suit be dismissed 'as to all of the defendants.' In response, therefore, to an application to remand the cause to the rules, and in response to an application to dismiss under the 21st rule, he does dismiss under that rule; and because the plaintiff had not replied to the answers.
 
 
 39
 The plaintiffs were not bound to notice or reply to the answers until two calendar months after they were put in, filed at the rules, or in open court; and upon their failure to reply or file exceptions, they might be ruled to reply; and upon the expiration of that rule, and no replication or exceptions filed, the suit might be dismissed: but even then, in the discretion of the court, the cause might be retained upon the payment of cost. Rule 13th. But in this case there had been no rule for replication. No pains of dismissal could be inflicted upon the plaintiff for failing to reply, until he was ruled to do so. It was then a vain invocation of the 13th rule to sanction a dismissal moved for under the 21st.
 
 
 40
 After filing a replication it would be too late to except to an answer; but the courts, in the exercise of a sound discretion, and for the attainment of justice, would suffer the replication to be withdrawn and exceptions had. But, at any time before replication, it is the right of the plaintiff, at the rules or in open court, to file exceptions to the defendants' answers; and this right was particularly secured to the plaintiffs, without limitation as to time, upon setting aside the decree nisi. The court will not ordinarily set aside a decree nisi, until the coming in of a sufficient answer. In this case the rule was ex gratia departed from; reserving the right of the plaintiffs to reply to the answers when they should come in.
 
 
 41
 Upon the trial of the plaintiffs' motion, and before the decision thereof—when there had been no rule for replication, and the party's right to file exceptions to the defendants' answers would appear to have been unquestionable—they offered to do so, but the court refused them permission; and, inasmuch as Robert Layton had subsequently to the preceding term departed this life, and his heirs were not properly before the court, the plaintiffs offered to file a bill of revivor against them, which the court refused to permit: and without accepting any terms, or putting the plaintiff upon any terms to speed the cause, put an end to the cause by pronouncing a final decree—and did not, even in that, reserve to the plaintiffs the right to commence de novo.
 
 
 42
 It is supposed that the decretal order dismissing the plaintiffs' bill is erroneous for its ambiguity, and want of reasonable judicial certainty. After dismissing the bill as to all the defendants—which applies to all who had been served with process, or who had been made defendants in the bill, and who had not answered—the decree proceeds: 'and the complainants pay the costs of suit with regard to such of the defendants as had filed pleas of demurrers—the complainant having failed to reply to or set for hearing such pleas or demurrers before the second term of the court after filing the same, agreeably to the 21st of the rules of practice for the courts of equity of the United States, as prescribed by the Supreme Court of the United States.'
 
 
 43
 Proctor filed the only demurrer that was filed in the cause. An issue was had speedily. It was set for hearing, and inasmuch as Layton and others relied upon the same matters, they were all heard. The demurrers were overruled, and the defendants ordered to answer over, which Proctor has never done, notwithstanding which he has succeeded in turning the plaintiff out of court. Now can this court ascertain from the decree, which of the persons named as defendants in the complainants' bill are entitled to their costs? &c., &c.
 
 
 44
 We therefore conclude that the inferior court erred,——
 
 
 45
 1. In deciding that the defendants, or any of them, had filed pleas in the cause.
 
 
 46
 2. That the failure of the plaintiffs to set such pleas down for trial should be visited with the pains of dismissal of their bill.
 
 
 47
 3. That the plaintiffs were in default in not replying to the defendants' answers.
 
 
 48
 4. In refusing leave to the plaintiffs to file exceptions to the answers, and a bill of revivor against the heirs of a deceased party.
 
 
 49
 5. In dismissing the plaintiffs' bill as to all or any of the parties.
 
 
 50
 6. In awarding costs to the defendants, or any of them, and not defining to whom.
 
 
 51
 7. In refusing to award a rehearing of the case upon the petition and affidavit filed.
 
 
 52
 Coxe, for appellees, said that after the case was argued in the court below, and when the court was about to deliver its opinion, some papers were presented, but the court very properly said it was too late. The printed argument refers to the position of the case when the judge decided it; and there was nothing in this position to prevent the complainants from filing a replication. The record shows that they endeavored to excuse themselves for this omission by filing a petition for a re-hearing; and it is, in fact, from the refusal of the court to grant this that the appeal was taken.
 
 
 53
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 54
 This is an appeal from the decree of the Circuit Court for the eastern district of Louisiana.
 
 
 55
 To determine the point brought up by the appeal, it is unnecessary to state the substance of the bill or answers. On motion, the Circuit Court dismissed the bill, under the 21st rule, because the 'complainants had not set down for hearing the pleas filed in this case, nor filed replication to the answers, although more than two terms of the court had elapsed since filing of the same.'
 
 
 56
 The rule referred to is, 'if the plaintiff shall not reply to, or set for hearing any plea or demurrer before the second term of the court after filing the same, the bill may be dismissed, with costs.' No plea had been filed in the case, and the demurrer filed had been overruled, so that the rule did not apply to the case as it stood at the time of the dismissal. The rule can only apply to demurrers and pleas technically so called. And there is no other rule of proceeding which authorized the decree of the court. The complainant may, if he choose, go to the hearing on the bill and answer.
 
 
 57
 The decree of the Circuit Court is reversed, and the cause is remanded for further proceedings.